UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRYSTAL LEE MARTIN, #608157, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:24-cv-00688 |
| v. | ) |
| | ) |
| SONNY WEATHERFORD,[1] et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner Crystal Lee Martin, who is incarcerated at the Women's Therapeutic Residential Center in Henning, Tennessee. (Doc. No. 1). Martin challenges her 2019 conviction in the Sumner County Criminal Court for attempted aggravated child endangerment. Respondent has filed a Motion to Dismiss. (Doc. No. 16). Petitioner has elected not to file a response. (Doc. No. 17) ("The last document I received was the Respondent's motion to dismiss. I did not file a response as I felt that this Court had enough record of evidence to make a fair [and] just decision."). For the reasons below, the Motion to Dismiss is granted, and this action is dismissed with prejudice.

I. BACKGROUND

Martin pled guilty to one count of attempted aggravated child endangerment and was sentenced on November 8, 2019, to a term of six years, including six months in the Tennessee Department of Corrections with the remainder eligible for probation with Community Corrections. (Doc. No. 15-1 at PageID# 397). Martin did not appeal. (See Doc. No. 1 at PageID# 2).

---

[1] Petitioner is now incarcerated at the Women's Therapeutic Residential Center, where Stanley Dickerson is Warden. As Petitioner's physical custodian, Warden Stanley Dickerson is the proper Respondent in this case. The clerk shall update the docket to reflect Warden Dickerson as the Respondent.

1

Martin filed a motion for reduction of sentence on November 26, 2019. (*Id.* at PageID# 400−01). The trial court denied the motion on January 24, 2020. (*Id.* at PageID# 403). Martin filed a second motion for sentence reduction on March 9, 2020. (*Id.* at PageID# 405−09). The trial court denied the second motion on March 26, 2020. (*Id.* at PageID# 410).

After Martin's release to probation in May 2020 (*id.* at PageID# 411−13), she received three total probation violations. (Doc. No. 15-1 at PageID# 414 (charged with domestic assault in January 2021), PageID# 426 (tested positive for THC at drug screening in August 2022), PageID# 469 (charged with driving under the influence in August 2023)). On May 17, 2024, upon making the finding of Martin's third violation, the trial court revoked her probation and ordered her to serve her original sentence in the Tennessee Department of Corrections. (*Id.* at PageID# 515−16). The court also added 10 days in county jail for contempt of court. (*Id.* at PageID# 517).

Since November 2023, Martin has filed various pro se motions and state habeas corpus applications. (*See, e.g.*, Doc. No. 1 at PageID# 3−6; Doc. No. 15-1 at PageID# 458−63, 477−80, 487−93, 519−22, 524−27, 531−34, 536-41; Doc. No. 15-2; Doc. No. 15-3; Doc. No. 15-4). These have not resulted in relief.

On June 4, 2024, Maritn filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court. (Doc. No. 1). Respondent filed a timely Motion to Dismiss. (Doc. No. 16). Martin elected not to respond. (Doc. No. 17).

## II.   APPLICABLE LAW

Because Martin is in custody pursuant to the judgment of a state court, her petition for writ of habeas corpus is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petitioner may be entitled to equitable tolling "if [s]he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Alternatively, a petitioner may proceed on an untimely petition based on a sufficient showing of actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 391−97 (2013).

### III. ANALYSIS

The trial court entered judgment on Martin's conviction on November 18, 2019. (Doc. No. 15-1 at PageID# 397). Her conviction became final when the time to file a timely notice of appeal expired 30 days later, on December 18, 2019.[2] See Tenn. R. App. P. 4(a). The § 2244(d)

---

[2] Martin's motions for sentence reduction did not toll the time to file a timely notice of appeal. See Tenn. R. App. P. 4(c) (listing types of motions that reset the notice of appeal deadline).

limitation period then ran for one year before expiring on December 18, 2020.³ Martin's pro se motions and state habeas corpus applications filed after expiration of the limitation period are irrelevant for § 2244(d) purposes. See Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (quotation marks and citation omitted)).

Acknowledging that her Petition is untimely under § 2244(d), Martin explains that she was dependent on her attorney, ignorant of the law, and experiencing unspecified mental health issues at the time of her conviction. (Doc. No. 1 at PageID# 14−15). But by Martin's own account, she knew within six months of her conviction that her trial attorney no longer represented her. (Doc. No. 1 at PageID# 7). Martin's ignorance of the law and unspecified mental health issues, without more, do not warrant equitable tolling. See Ata v. Scott, 662 F.3d 736, 742 (6th Cir. 2011) ("[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required."); Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) ("[Petitioner's] *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to

---

³ Respondent asserts that the limitation period ran for 365 days before expiring on December 17, 2020. (Doc. No. 16-1 at PageID# 691). But 2020 was a leap year. The Sixth Circuit has not squarely addressed § 2244(d)'s one-year limitation period in the context of a leap year. But several other circuits have applied the "anniversary method," which allows an extra day in "one year" if that year is a leap year, and the Court is not aware of any circuit that has applied a 365-day counting method in this context. See, e.g., United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) ("[W]e adopt the anniversary rule. . . . The anniversary date will be the last day to file even when the intervening period includes the extra leap year day."); United States v. Hurst, 322 F.3d 1256, 1260−61 (collecting cases). Moreover, the Sixth Circuit has endorsed the anniversary method in dicta. Moss v. Miniard, 62 F.4th 1002, 1010 (6th Cir. 2023) ("Using the anniversary method of Rule 6(a) to compute the limitations period 'has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply.'" (quoting Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)).

4

excuse his late filing."). Moreover, Martin has not demonstrated—or even asserted—that she diligently pursued her rights continuously from December 2019 through June 2024 when she finally filed her 28 U.S.C. § 2254 petition. See Nasouluck v. Haas, No. 16-2252, 2017 WL 3046563, at *2 (6th Cir. May 10, 2017) ("[Petitioner] has not pursued his rights diligently, having waited nearly five years after his initial conviction to seek relief from judgment."). Accordingly, Martin is not entitled to equitable tolling.

Because Martin's habeas corpus petition is untimely under 28 U.S.C. § 2244(d) and she is not entitled to equitable tolling, Respondent's Motion to Dismiss is **GRANTED**. Martin's petition for writ of habeas corpus is **DISMISSED** with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Martin's petition, the Court will deny a certificate of appealability. However, Martin may seek a certificate of appealability from the Sixth Circuit.

## V. CONCLUSION

As explained above, Respondent's Motion to Dismiss is **GRANTED**. Martin's petition for writ of habeas corpus is **DISMISSED** with prejudice. This Court will not issue a certificate of appealability, but Martin may seek one in the Sixth Circuit.

The clerk SHALL update the docket to reflect Stanley Dickerson as the only Respondent.

This Order resolves Martin's habeas corpus petition. The clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE